IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 96-31287
Summary Calendar

_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

PAUL M. BYOUS,

                                        Defendant-Appellant.

- - - - - - - - - -
Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 96-CR-104
- - - - - - - - - -
September 18, 1997
Before JOLLY, BENAVIDES, and PARKER, Circuit Judges.

PER CURIAM:[*]

Paul Byous appeals his jury conviction and sentencing for conspiracy to possess with intent to distribute cocaine hydrochloride and possession with intent to distribute cocaine base. He argues that 1) his indictment was based on perjured testimony and the district court erred in not dismissing the indictment, 2) the district court erred in admitting extrinsic crime evidence of Byous' 1988 guilty plea conviction, and 3) the district court incorrectly interpreted 21 U.S.C. § 851(a)(2), and

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

erred in enhancing his sentence.

Prosecutorial errors before the grand jury can be considered harmless error. Bank of Nova Scotia v. United States, 487 U.S. 250, 256 (1988). Notwithstanding the alleged perjured testimony, there was a substantial amount of testimony before the grand jury that Byous conspired to distribute cocaine and possessed crack cocaine with intent to distribute. Even assuming perjury was committed before the grand jury, such testimony did not substantially influence the grand jury's decision to indict. Id.

Because Byous placed at issue intent and knowledge in his defense, his 1988 conviction for possession of cocaine base was probative to issues other than his character. The probative value of the evidence was not substantially outweighed by the evidence's prejudicial effect. Nor was the prior conviction too temporally remote. United States v. Beechum, 582 F.2d 898, 911 (5th Cir. 1978)(en banc); United States v. Zanabria, 74 F.3d 590, 592 (5th Cir. 1995).

While this case presents an issue of first impression as to whether, under 21 U.S.C. § 851(a)(2), the prior conviction used by the Government to enhance a sentence must be from a waiver of or prosecution by indictment, we need not decide the issue under our plain error review. Even if the district court erred in enhancing Byous' sentence, such error was not plain, given that the circuits are split as to the interpretation of § 851(a)(2) and the error was not clear under current law. See United States

v. Espinosa, 827 F.2d 604, 616-17 (9th Cir. 1990); United States v. Collado, 106 F.3d 1097, 1103 (2nd Cir. 1997); see also United States v. Calverley, 37 F.3d 160, 162-64 (5th Cir. 1994)(en banc).  Furthermore, our decision to not correct the error, if plain, would not "seriously affect the fairness, integrity, or public reputation of judicial proceedings," given that Byous was sentenced within the statutory sentencing range.  Calverley, 37 F.3d at 162-64; see also United States v. Martinez-Cortez, 988 F.2d 1408, 1415-16 (5th Cir. 1993).

AFFIRMED.